7:26-cv-00177

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Sidney FERNANDEZ RODRIGUEZ, | § | |
| | § | |
| B. F.S., a minor, | § | |
| | § | |
| Alayn A. JIMENEZ TORRES, | § | |
| | § | |
| Leandro L. LEON HERNANDEZ, | § | |
| | § | |
| Alexander PEREZ ARRIOLA, | § | Case No.: |
| | § | |
| Kirenia PEREZ HOYOS, | § | |
| | § | |
| Liagdamis RABANAL ARENCIBIA, | § | |
| | § | |
| Yoel RODRIGUEZ PEREZ, | § | |
| | § | |
| Roylan RODRIGUEZ GUERRA, | § | |
| | § | |
| M. L. R. R., a minor, | § | |
| | § | |
| Biancy E. SERRANO LABORI, | § | |
| | § | |
| Argenis R. VAILLANT ROSABAL, | § | |
| | § | |
| Nivaldo E. VAZQUEZ MONTES DE OCA, | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | |
| | § | |
| | § | |
| U.S. Citizenship and Immigration | § | |
| Services; | § | |
| | § | |
| Joseph B. EDLOW, in his official capacity | § | |
| as Director of the U.S. Citizenship and | § | |
| Immigration Services; | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**COMPLAINT**

**INTRODUCTION**

1.    In this action, 13 Plaintiffs challenge Defendant U.S. Citizenship and Immigration Services ("USCIS")'s ongoing delay in deciding their long-pending applications for lawful permanent residence and employment authorization. All plaintiffs are Cuban nationals who have filed applications for permanent residence and employment authorization, and who demonstrate prima facie eligibility. Since December 2025, Defendants have exacerbated these delays by adopting an ongoing policy that indefinitely delays adjudication of applications by *all* Cubans, irrespective of any wrongdoing by any Cuban. However, even before December 2025, the delays faced by the Plaintiffs were unreasonable.

2.    Plaintiffs ("Plaintiffs") are 13 Cuban nationals and citizens who: (a) were lawfully admitted or paroled into the United States; (2) have since accumulated over one-year physical presence in the U.S.; (3) have filed for adjustment of status with USCIS, based on their *prima facie* eligibility to do so pursuant to the Cuban Adjustment Act ("CAA"), Pub. L. No. 89-732, 80 Stat. 1161 (1966); (4) have filed petitions for employment authorization pursuant to their pending CAA petitions;  (5) have been subjected to an unreasonable delay in the adjudication of their petitions by USCIS.

3.    After arriving in the United States, the Plaintiffs each endeavored to comply with the affirmative steps required, under the CAA and the Immigration and Nationality Act ("INA"), to regularize their immigration status. Each Plaintiff timely filed a Form I-485, Application to Register Permanent Residence or Adjust Status under the CAA ("CAA Petitions"), and a corresponding Form I-765, Application for Employment Authorization ("EAD Petitions"), with USCIS.

4.    Plaintiffs have since remained fully compliant with all USCIS requirements, have responded promptly to any agency requests, and have maintained their eligibility for the relief sought under the CAA. However, despite the Plaintiffs' *prima facie* eligibility for this form of relief, and their full compliance with all requirements established under the law, USCIS has failed to render adjudicative decisions on the Plaintiffs' CAA and EAD petitions. This unreasonable delay leaves the Plaintiffs in a state of prolonged and indefinite immigration limbo that is both unlawful and deeply harmful.

5.    The harm to Plaintiffs is immediate, concrete, and irreparable. Without adjudication of their CAA petitions, Plaintiffs cannot obtain the Lawful Permanent Resident ("LPR") status to which they are legally entitled. Without timely adjudication of their EAD petitions, Plaintiffs face gaps in employment authorization that have cost them jobs, income, professional opportunities, and most significantly, the ability to support themselves and their families. Plaintiffs are restricted in their ability to travel, unable to plan their futures, and are denied the stability and legal security that Congress expressly intended the CAA to provide. Every day of continued delay only compounds these harms.

6.    Accordingly, Plaintiffs bring this lawsuit to stop these harms by requiring USCIS to comply with its obligations under the Administrative Procedure Act ("APA"), the APA, and ultimately, the Constitution. Plaintiffs respectfully request that, among other relief deemed just and proper, this Court: (a) declare that USCIS has unreasonably delayed and unlawfully withheld adjudication of Plaintiffs' pending I-485 and I-765 applications in violation of the APA, 5 U.S.C. § 706(1) and the Mandamus Act; (b) order USCIS to adjudicate each of Plaintiffs' pending applications within a date certain set by this Court; (c) retain jurisdiction over this

matter to ensure compliance with its order; and (d) award Plaintiffs their reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## JURISDICTION

7.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1361 (Mandamus Act). Additionally, the Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§2201-2202, 5 U.S.C. §§702, 706 and 28 U.S.C. § 1361.

8.   The government has waived any sovereign immunity defense pursuant to 5 U.S.C. § 702.

## VENUE

9.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because this is a civil action in which Defendants are officers or employees of the United States, acting in their official capacity, Plaintiffs reside in this District, and no real property is involved in this action.

## PARTIES

10. Plaintiffs, collectively, are 13 Cuban nationals and citizens who were lawfully admitted or paroled into the United States after January 1, 1959. Plaintiffs have since accrued over one year of physical presence in the United States and filed applications with USCIS to adjust their immigration status and obtain lawful permanent residence (commonly known as "green cards "). Plaintiffs have also applied for EAD with USCIS via their pending CAA petitions ("EAD-CAA Petitions"), and although some of the Plaintiffs received their approved EADs within the allotted time, the overwhelming majority have pending EADs that are now unreasonably delayed, resulting in significant, additional prejudice for the Plaintiffs.

11. **Plaintiff Sidney Fernandez Rodriguez** is a native and citizen of Cuba. Plaintiff Fernandez filed his CAA petition with USCIS while physically residing in Midland, Texas, which confers jurisdiction on this Court. Plaintiff Fernandez was inspected and admitted or paroled into the United States at Miami, Florida on or about April 11, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On April 17, 2025, Plaintiff Fernandez Rodriguez timely filed his CAA petition (Receipt No. IOE0931428358), and a corresponding EAD petition (Receipt No. IOE0931428359), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7.0 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Fernandez Rodriguez's CAA and EAD petitions have been pending for approximately 12 months.

12. **Plaintiff B. F. S, a minor,** is a native and citizen of Cuba. Plaintiff B.F.S. filed her CAA petition with USCIS while physically residing in Midland, Texas, which confers jurisdiction on this Court. Plaintiff B.F.S. was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 11, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On April 17, 2025, Plaintiff B.F.S. timely filed her CAA petition (Receipt No. IOE0931428357), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7.0 months. As of the date of this Complaint, Plaintiff B.F.S.'s CAA petition has been pending for approximately 12 months.

13. **Plaintiff Alayn Ali Jimenez Torres** is a native and citizen of Cuba. Plaintiff Jimenez Torres filed his CAA petition with USCIS while physically residing in Odessa, Texas, which confers jurisdiction on this Court. Plaintiff Jimenez Torres was inspected and admitted or paroled into the United States at Nogales, Arizona, on or about September 25, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 30 months. On September 30, 2024, Plaintiff Jimenez Torres timely filed his CAA petition (Receipt No. MSC2590006206), and a corresponding EAD petition (Receipt No. IOE0931528761), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6, and approximately 3.7 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Jimenez Torres's CAA petition has been pending for approximately 14 months, and his EAD petition for approximately 15 months.

14. **Plaintiff Leandro Leon Hernandez** is a native and citizen of Cuba. Plaintiff Leon Hernandez filed his CAA petition with USCIS while physically residing in Midland, Texas, which confers jurisdiction on this Court. Plaintiff Leon Hernandez was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 16, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On June 14, 2024, Plaintiff Leon Hernandez timely filed his CAA petition (Receipt No. MSC2490888888), and a corresponding EAD petition (Receipt No. IOE0930293990), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of

the date of this Complaint, Plaintiff Leon Hernandez CAA has been pending for approximately 24 months, and their EAD petition for approximately 14 months.

15.   **Plaintiff Alexander Perez Arriola** is a native and citizen of Cuba. Plaintiff Perez Arriola filed his CAA petition with USCIS while physically residing in Midland, Texas, which confers jurisdiction on this Court. Plaintiff Perez Arriola was inspected and admitted or paroled into the United States at El Paso, Texas on or about July 7, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 21 months. On July 18, 2025, Plaintiff Perez Arriola timely filed his CAA petition (Receipt No. IOE0933052357), and a corresponding EAD petition (Receipt No. IOE0933052358), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Perez Arriola's CAA petition has been pending for approximately 9 months, and his EAD petition for approximately 9 months.

16.   **Plaintiff Kirenia Perez Hoyos** is a native and citizen of Cuba. Plaintiff Perez Hoyos filed her CAA petition with USCIS while physically residing in Odessa, Texas, which confers jurisdiction on this Court. Plaintiff Perez Hoyos was inspected and admitted or paroled into the United States at Houston, Texas, on or about August 11, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 8 months. On August 23, 2024, Plaintiff Perez Hoyos timely filed her CAA petition (Receipt No. MSC2490991984) with USCIS. On July 18, 2025, Plaintiff Perez Hoyos filed a corresponding EAD petition (Receipt No. IOE0933107435), based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-

485 applications of this category was approximately 4.6 months and approximately 3.7 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Perez Hoyos's CAA petition has been pending for approximately 20 months, and her EAD petition for approximately 9 months.

17. **Plaintiff Liagdamis Rabanal Arencibia** is a native and citizen of Cuba. Plaintiff Rabanal Arencibia filed her CAA petition with USCIS while physically residing in Katy, Texas, which confers jurisdiction on this Court. Plaintiff Rabanal Arencibia was inspected and admitted or paroled into the United States at Miami, Florida on or about December 3, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On December 10, 2024, Plaintiff Rabanal Arencibia timely filed her CAA petition (Receipt No. MSC2590209277) with USCIS. On March 7, 2025, Plaintiff Rabanal Arencibia filed a corresponding EAD petition (Receipt No. IOE0930529526), based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rabanal Arencibia CAA petition has been pending for approximately 16 months, and her EAD petition has been pending for approximately 13 months.

18. **Plaintiff Yoel Rodriguez Perez** is a native and citizen of Cuba. Plaintiff Rodriguez Perez filed his CAA petition with USCIS while physically residing in Odessa, Texas, which confers jurisdiction on this Court. Plaintiff Rodriguez Perez was inspected and admitted or paroled into the United States at Phoenix, Arizona on or about January 17, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2

years and 4 months. On January 24, 2025, Plaintiff Rodriguez Perez timely filed his CAA petition (Receipt No. MSC2590303673) with USCIS. On March 29, 2025, Plaintiff Rodriguez Perez filed a corresponding EAD petition (Receipt No. IOE0930998894) based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez Perez's CAA petition has been pending for approximately 15 months, and his EAD petition for approximately 12 months.

19. **Plaintiff Roylan Rodriguez Guerra** is a native and citizen of Cuba. Plaintiff Rodriguez Guerra filed his CAA petition with USCIS while physically residing in Odessa, Texas, which confers jurisdiction on this Court. Plaintiff Rodriguez Guerra was inspected and admitted or paroled into the United States at Houston, Texas, on or about August 11, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 8 months. On August 23, 2024, Plaintiff Rodriguez Guerra timely filed his CAA petition (Receipt No. MSC2490993278) with USCIS. On May 2, 2025, Plaintiff Rodriguez Guerra filed a corresponding EAD petition (Receipt No. IOE0931970744) based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months, and approximately 3.7 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Rodriguez's CAA petition has been pending for approximately 20 months, and their EAD petition for approximately 12 months.

20. **Plaintiff M.L.R.R.**, **a minor,** is a native and citizen of Cuba. Plaintiff M.L.R.R. filed their CAA petition with USCIS while physically residing in Katy, Texas, which confers

jurisdiction on this Court. Plaintiff M.L.R.R. was inspected and admitted or paroled into the United States at Miami, Florida, on or about December 3, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 4 months. On December 10, 2024, Plaintiff M.L.R.R. filed their CAA petition (Receipt No. MSC2590209278), with USCIS, based on their prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff M.L.R.R's CAA petition has been pending for approximately 16 months.

21. **Plaintiff Biancy Edubigi Serrano Labori** is a native and citizen of Cuba. Plaintiff Serrano Labori filed her CAA petition with USCIS while physically residing in Midland, Texas, which confers jurisdiction on this Court. Plaintiff Serrano Labori was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 11, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years. On April 17, 2025, Plaintiff Serrano Labori timely filed her CAA petition (Receipt No. IOE0931428355), and a corresponding EAD petition (Receipt No. IOE0931428356), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7.0 months, and approximately 2.2 months for Form I-765 applications. As of the date of this Complaint, Plaintiff Serrano CAA and EAD petitions have been pending for approximately 12 months.

22. **Plaintiff Argenis Rajiv Vaillant Rosabal** is a native and citizen of Cuba. Plaintiff Vaillant Rosabal filed his CAA petition with USCIS while physically residing in Midland, Texas, which confers jurisdiction on this Court. Plaintiff Vaillant Rosabal was inspected and

admitted or paroled into the United States at El Paso, Texas on or about September 18, 2022, and has since maintained continuous physical presence in the United States for a period now exceeding three years and six months. On September 26, 2023, Plaintiff Vaillant Rosabal timely filed his CAA petition (Receipt No. MSC2390855034), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 3.3 months. As of the date of this Complaint, Plaintiff Vaillant Rosabal's CAA petition has been pending for approximately 31 months.

23. **Plaintiff Nivaldo Evasio Vazquez Montes De Oca** is a native and citizen of Cuba. Plaintiff Vazquez Montes de Oca filed his CAA petition with USCIS while physically residing in Odessa, Texas, which confers jurisdiction on this Court. Plaintiff Vazquez Montes de Oca was inspected and admitted or paroled into the United States at Houston, Texas, on or about August 11, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 8 months. On August 23, 2024, Plaintiff Vazquez Montes de Oca timely filed his CAA petition (Receipt No. MSC2490993560), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Vazquez's CAA petition has been pending for approximately 20 months.

24. **Defendant USCIS** is a component agency of the Department of Homeland Security. USCIS is responsible for adjudicating petitions and requests for immigration benefits, including the CAA and EAD petitions at issue in this action.

25. **Defendant Joseph B. Edlow** is the Director of USCIS, which is a component agency within the Department of Homeland Security ("DHS"). Director Edlow is sued in his official capacity. Therefore, in this capacity, he is responsible for the adjudication of applications for immigration-related benefits in the United States, including petitions for adjustment of status and employment authorization pursuant to the CAA.

FACTUAL ALLEGATIONS

**I.   USCIS is Statutorily Obligated to Adjudicate Petitions for Immigration Benefits in the United States**

26. USCIS is the federal agency that is responsible for adjudicating petitions and requests for immigration benefits. *See* 6 U.S.C. § 271. "Immigration benefits" refers to the conferral of immigration status, authorizations, classifications, and other forms of relief established by Congress under federal immigration law that establish whether and under what conditions noncitizens may, e.g., enter the United States, obtain or maintain a lawful status or period of authorized stay, work in the country, obtain lawful permanent residence, and ultimately, naturalize as United States citizens.

27. Furthermore, the Director of USCIS is specifically "authorized to implement innovative pilot initiatives to eliminate any remaining backlog in the processing of immigration benefit applications, *and to prevent any backlog in the processing of such applications from recurring*, in accordance with [section 204(a) of the Immigration Services and Infrastructure Improvements Act of 2000,] 8 U.S.C. 1573(a)." 6 U.S.C. § 271(a)(5) (emphasis added).

**II.   Adjustment of Status under the CAA is Congressionally Mandated Relief for all *Prima Facie* Eligible Cuban Nationals and Citizens in the United States**

28. The Cuban Adjustment Act of 1966, Pub. L. No. 89-732, 80 Stat. 1161 (codified as amended at 8 U.S.C. § 1255 note) ("CAA"), reflects a deliberate and longstanding congressional policy of extending special immigration benefits to Cuban nationals and citizens who seek refuge in the United States.

29. Congress enacted the CAA to provide a distinct and expedited pathway to Lawful Permanent Resident status for eligible Cuban nationals, independent of the numerical visa limitations and standard adjustment procedures ordinarily applicable under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.

30. Under the CAA, the Secretary of Homeland Security may adjust the status of any eligible Cuban national or citizen to that of an alien lawfully admitted for permanent residence, upon application, provided the applicant: (a) is a native or citizen of Cuba; (b) has been inspected and admitted or paroled into the United States; (c) has been physically present in the United States for at least one year; and (d) is admissible to the United States as an immigrant. 8 U.S.C. § 1255 note § 1. *See also* 6 U.S.C. 271 et seq.

31. Adjustment of status under the CAA confers status of LPR, thereby granting these noncitizens the right to reside and work permanently in the United States, travel internationally, petition for immigration visas for qualifying family members, and ultimately apply for U.S. citizenship.

32. USCIS, as a component of DHS, is the federal agency charged with adjudication applications for adjustment of status, via Form I-485, pursuant to the CAA.

33. Applicants are permitted to file a concurrent Form I-765, EAD at the time of filing their CAA petitions, which would entitle the noncitizen to work lawfully in the United States during the pendency of their adjustment application. 8 C.F.R. § 274a.12(c)(9).

34.   Indeed, the INA places an affirmative obligation on noncitizens, like the Plaintiffs, to apply for work authorization if they also file an application to adjust status pursuant to t 8 U.S.C. § 1255 (or Chapter 245 of the Immigration and Nationality Act (INA)). *See* 8 C.F.R. § 274a.12(c)(9).

35.   Defendant USCIS's obligation to timely adjudicate applications filed under the CAA is reinforced by the APA, 5 U.S.C. § 551 et seq., which mandates that agencies conclude matters presented to them "within a reasonable time". 5 U.S.C. § 555(b).

36.   Defendant USCIS's failure to adjudicate a mandatory statutory benefit, which is congressionally mandated relief for noncitizens like the Plaintiffs, constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of 5 U.S.C. § 706(1), and this action is therefore subject to judicial review and remedy by this Court.

**III. Plaintiffs' Pending CAA and Corresponding EAD Petitions are Delayed in Unreasonable Excess Beyond USCIS Historic Processing Times**

37.   As previously referenced, the relevant statute governing adjustment of status under the CAA imposes an affirmative obligation on applicants with pending CAA petitions to also concurrently apply for work authorization by filing Form I-765 with USCIS. 8 C.F.R. § 274a.12(c)(9).

38.   The relevant statute states: "An alien within a class of aliens described in this section *must* apply for work authorization. If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document." *Ibid.*

39.   Plaintiffs are 13 Cuban nationals and citizens who have established *prima facie* eligibility to adjust status under the CAA.

40. Plaintiffs timely and properly filed their respective Form I-485 applications for adjustment of status pursuant to the CAA, along with corresponding applications for EADs ("EAD petitions"), and in compliance with Plaintiffs' affirmative obligation to apply for work authorization under 8 C.F.R. § 274a.12(c)(9).

41. Upon filing, USCIS issued receipt notices acknowledging acceptance of Plaintiffs' applications and providing estimated processing times.

42. USCIS publishes processing time information on their public-facing website, including historical processing times for CAA petitions. According to this, USCIS alleges that the median processing time for Form I-485 applications filed under the CAA historically ranged from approximately 3.3 to 10.4 months for the filing period covering FY 2021 to FY 2026 (to-date). The median processing time to date in FY 2026 is 10.4 months.

43. Similarly, between FY 2021 to FY 2026, USCIS posted historic processing times for their adjudication of EAD petitions based upon *all* pending adjustment of status applications, not simply those connected with a CAA petitions. These median times range from 2.2 to 7.1 months.

44. Plaintiffs' applications have now been pending for any period between 12 months to over 30 months— a period that significantly exceeds USCIS's own published processing times, and that has continued without any substantive adjudicative action, interview scheduling, request for evidence, or explanation from the agency.

45. Despite Plaintiffs' inquiries to USCIS through its public inquiry portal (e-Request), case status checks, and, in certain instances, congressional inquiries submitted on some of the Plaintiffs' behalf, USCIS has failed to provide any substantive explanation for the delay, any

estimated date of adjudication, or any indication that Plaintiffs' cases are actively being processed.

46. Instead, on December 2, 2025, the Defendant USCIS issued an internal Policy Memorandum and halted all adjudications of pending immigrant benefit applications, including the CAA and EAD petitions at issue here, if the petitioner is from any of the thirty-nine countries subject to entry restrictions imposed by President Donald Trump, which list includes Cuba. This adjudication hold was continued on January 1, 2026, pursuant to a further, internal agency memorandum.

47. This latest dilatory action by the Defendant USCIS only exacerbates the unreasonable delay in the adjudication of the Plaintiffs' pending CAA and EAD petitions, and to date, over five months after implementing its new policy, the Defendant USCIS has not issued any guidance whatsoever on when the current adjudication hold will be lifted.

48. Accordingly, the duration of the delay is not attributable to any action or inaction on the part of Plaintiffs, who have complied with all USCIS requests and requirements, maintained their eligibility, and remained available for interview or biometrics appointment as required.

49. Courts evaluating unreasonable delay claims under the APA consider, among other factors, the time agencies take to act relative to the statutory or regulatory scheme, the health and financial interests implicated by the delay, and whether the delay is the result of administrative inaction rather than legitimate adjudicative workload management. *See Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC Factors").

50. Here, under any application of the TRAC factors, the delay experienced by Plaintiffs is unreasonable because: (a) no rule of reason supports delays of this magnitude when an agency has a statutory obligation to adjudicate a petition for congressionally mandated relief; (b) Congress did not enumerate any exceptions for extended delay in conferring CAA benefits; (c) the interests prejudiced — work authorization, LPR status, family stability — are substantial; and (d) expediting Plaintiffs' adjudications would not adversely affect other proceedings before the agency.

**IV.  Unreasonable Delay Caused by Defendant USCIS's Failure to Adjudicate the Plaintiffs' Pending Petitions is Only Exacerbated by the USCIS Adjudication Hold Policy**

51. For over five months, USCIS has implemented a new policy of placing all applications filed by certain noncitizens, including applications filed by Cuban nationals under the CAA, on an administrative hold, thereby suspending active adjudication of those applications indefinitely and without statutory or regulatory authorization ("Adjudication Hold Policy").

52. The policy herein referenced is memorialized in an internal Policy Memorandum published by USCIS for their personnel on December 2, 2025.

53. The Adjudication Hold Policy operates as a de facto moratorium on the adjudication of CAA-based I-485 applications, effectively nullifying the mandatory statutory directive of the CAA without congressional authorization or judicial sanction.

54. Defendant USCIS lacks statutory authority to indefinitely suspend adjudication of applications filed under a mandatory statute. The agency's discretion in the adjudicative process does not extend to the wholesale non-adjudication of a congressionally mandated relief, such as that enumerated by Congress within the CAA. *See Norton v. S. Utah Wilderness All.*, 542

U.S. 55, 64 (2004) (agency action unlawfully withheld is subject to court order to compel where a discrete agency duty is required by law).

55.    The Adjudication Hold Policy currently implemented by Defendant USCIS only exacerbates the unreasonable delay it has already caused for the Plaintiffs, effectively culminating in the Defendant unlawfully withholding congressionally mandated relief from the Plaintiffs, despite the Plaintiffs' *prima facie* eligibility for such relief and the Defendant's affirmative obligation to adjudicate the Plaintiffs' pending CAA and EAD petitions.

**V.    Plaintiffs Suffer Significant Prejudice Because They Are Effectively Prevented from Adjusting Their Immigration Status, Pursuant to Congressionally Mandated Relief (Despite Already Establishing *Prima Facie* Eligibility)**

56.    The 13 Plaintiffs to this lawsuit have each established prima facie eligibility for adjustment of status under the CAA. Each Plaintiff is a native or citizen of Cuba, was inspected and paroled into the United States, has been physically present in the United States for a period more than one year, and is not subject to any ground of inadmissibility that would bar adjustment.

57. Notwithstanding their established eligibility, Plaintiffs remain in a legally precarious immigration status solely as a result of USCIS's failure to adjudicate their pending applications. Each day of continued, unreasonable delay by the Defendant USCIS in complying with their statutory obligation to adjudicate the Plaintiffs' pending petitions deprives Plaintiffs of the protections and rights Congress expressly made available to them.

58. As part of the Defendants' broader, current immigration enforcement priorities, noncitizens like the Plaintiffs are increasingly at risk of being subject to indefinite detention with Immigration and Customs Enforcement ("ICE") if they do not have immigration status in

the United States. Therefore, the Defendants' failure to adjudicate the pending CAA and EAD petitions causes significant prejudice to the Plaintiffs because the Plaintiffs remain in limbo pending adjustment of their immigration status.

59. The Plaintiffs in this lawsuit, as a result of the unreasonable delay by USCIS, are suffering harm that is severe, concrete, and ongoing, and which includes significant prejudice in key aspects that impacts Plaintiffs in their daily lives, including but not limited: (a) access to valid employment authorization; (b) travel restrictions: (c) significant risk of family separation; (d) economic harm: (e) psychological and emotional harm; and (f) the unavailability of any adequate remedy at law for these harms being suffered.

## LEGAL FRAMEWORK

### Adjustment of Status Pursuant to the Cuban Adjustment Act (CAA)

60. Cuban nationals and citizens are *prima facie* eligible to adjust status, pursuant to the CAA, if the Cuban national or citizen: (1) is a native or citizen of Cuba; (2) was lawfully admitted or paroled into the United States on or after January 1, 1959; (3) has been physically present in the United States for at least one year prior to filing; and (4) is admissible to the United States as an immigrant, or is entitled to a waiver of any applicable ground of inadmissibility. Pub. L. No. 89-732, § 1, 80 Stat. 1161 (1966).

61. The CAA's adjustment mechanism operates independently of the numerical visa preference system established by the INA, 8 U.S.C. § 1151. Eligible Cuban nationals who meet the established prerequisites can apply for adjustment of status without the need to wait for a visa number to become available, moreover, these noncitizens are not subject to the per-country annual caps that govern other adjustment categories.

62. This structural feature of the CAA reflects Congress's deliberate policy choice to treat Cuban nationals as a uniquely protected class of beneficiaries entitled to expedited access to permanent residence.

63. Adjustment of status under the CAA confers upon the applicant the status of a LPR, entitling the applicant to reside permanently in the United States, to work without restriction, to travel internationally with a re-entry document, and to petition for certain qualifying family members under the INA's family preference categories. 8 U.S.C. § 1153(a). LPR status also initiates the continuous residence period required for naturalization under 8 U.S.C. § 1427.

64. USCIS, as the component of DHS charged with adjudicating immigration benefit applications, bears the institutional responsibility for receiving, processing, and adjudicating Form I-485 applications filed pursuant to the CAA. See 6 U.S.C. § 271(b). This responsibility is not subject to indefinite deferral at the agency's discretion; it is an affirmative, non-delegable duty imposed by statute.

65. Applicants, like the Plaintiffs, who have filed a Form I-485 pursuant to the CAA are separately entitled to apply for employment authorization on Form I-765 as a category (c)(9) applicant — i.e., an alien whose adjustment application is pending under 8 C.F.R. § 274a.12(c)(9). Employment authorization in this category is a creature of regulation and exists specifically to protect the livelihood of adjustment applicants during the pendency of their cases.

66. USCIS is required to adjudicate Form I-765 applications and, pursuant to 8 C.F.R. § 274a.13(d), has acknowledged that delays in EAD adjudication beyond the regulatory period give rise to interim relief obligation.

**Agency Obligations under the APA**

67. Under the APA, federal agencies, including Defendant USCIS, are statutorily required to conclude matters presented to them "within a reasonable time". 5 U.S.C. §555(b).

68. This statutory duty to adjudicate petitions that are pending before USCIS is non-discretionary. 8 U.S.C. § 1157(c)(2); 8 C.F.R. § 207.7(a). The obligation to act within a reasonable time does not vest in the agency unfettered discretion to determine when or whether to act; rather, it imposes an affirmative temporal constraint on agency inaction that is enforceable by federal courts. See 5 U.S.C. § 706(1) (authorizing courts to "compel agency action unlawfully withheld or unreasonably delayed").

69. A reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). This provision grants district courts the authority to order an agency to perform a non-discretionary duty owed to a petitioner where that duty has been unreasonably withheld or indefinitely deferred. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004).

70. A claim of unreasonable agency delay is evaluated using the multi-factor balancing framework articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"). *See Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011) (endorsing the TRAC factors as the framework for evaluating whether mandamus is warranted to compel agency action unreasonably delayed). The TRAC factors require courts to consider: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, that statutory scheme may supply the content for the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when

human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind the agency's delay in order to hold that such a delay is unreasonable. *TRAC*, 750 F.2d at 80.

71.  The APA further provides that courts shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An informal agency policy that systematically suspends adjudication of a mandatory statutory benefit program — without notice-and-comment rulemaking, without statutory authority, and without any individualized determination — is precisely the kind of arbitrary and capricious agency conduct that the APA was designed to remedy. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

### Historic Processing Times for CAA and EAD Petitions

72.  According to USCIS's own published Historic Processing Times, between FY 2021 and FY 2026, the average median processing time for Form I-485 applications based on the CAA was 6.5 months.

73.  USCIS also represents that, between FY 2021 and FY 2026, the median processing time for pending Form I-765 applications based on corresponding I-485 applications (of all categories) did not exceed 7 months.

74. USCIS's published processing times are not merely aspirational targets; they represent the agency's own operational representations regarding its capacity and workflow. Courts have relied on these published benchmarks as a meaningful baseline against which to

measure the reasonableness of agency delay in other APA and Mandamus actions. Where actual processing times dramatically exceed these published figures, such deviation must be considered as probative evidence of unreasonable agency inaction.

75.   The agency's own data therefore establishes the benchmark against which Plaintiffs' cases must be measured. Plaintiffs' applications have been pending for periods that range from approximately 12 months to over 30 months — far exceeding the 6.5-month median for I-485 applications and the 7-month median for I-765 applications that USCIS has itself identified as representative of its normal processing capacity.

## CLAIMS FOR RELIEF

### COUNT ONE
### (1st Violation of the Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1))

76.   Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

77.   The APA imposes a statutory requirement for federal agencies, including Defendant USCIS, to conclude matters presented to them "within a reasonable time". 5 U.S.C. §555(b).

78.   Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending CAA petitions. *See* 8 U.S.C. § 1157(c)(2); 8 C.F.R. §207.7(a).

79.   Furthermore, under the APA, this Court, as a reviewing court, has the authority to "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. § 706(1).

80.   Defendants have failed to comply with this obligation by failing to adjudicate the Plaintiffs' CAA petitions within a reasonable time and in accordance with the Defendants' statutory obligation. In some cases, the CAA petitions at issue have been delayed for several years beyond the agency's own posted historic processing times.

81. Defendants' failure to timely adjudicate the Plaintiffs' CAA petitions constitutes an agency action unlawfully withheld or unreasonably delayed in violation of the Defendants' obligations under 5 U.S.C. § 706(1).

82. Additionally, § 702 of the APA specifically provides for relief for a *failure to act* in that the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." *Cacace v. Swacina*, 1:07-cv-20410-AJ, DE 12, Order Denying Mot. Dismiss, at *3 (S.D.Fla. May 17, 2007) (quoting 5 U.S.C. §702) (Jordan, J.) *Mendoza v. Cissna*, No. 17-23044-CIV-WILLIAMS, 2018 U.S. Dist. LEXIS 247316, at *6-7 (S.D. Fla. July 20, 2018).

83. Plaintiffs are entitled to relief under the APA in the nature of an order compelling Defendants to timely adjudicate the pending CAA petitions at issue in this lawsuit.

## COUNT TWO
### (2nd Violation of the Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1))

84. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

85. Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending EAD petitions. *See* 8 U.S.C. § 1157(c)(2); 8 C.F.R. §207.7(a).

86. Furthermore, under the APA, this Court, as a reviewing court, has the authority to "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. § 706(1).

87. Defendants have failed to comply with this obligation by failing to adjudicate the Plaintiffs' EAD petitions within a reasonable time and in accordance with the Defendants' statutory obligation. Plaintiffs' EAD petitions at issue have been delayed for several years beyond the agency's own posted historic processing times of only months for a final decision.

88. Defendants' failure to timely adjudicate the Plaintiffs' EAD petitions constitutes an agency action unlawfully withheld or unreasonably delayed in violation of the Defendants' obligations under 5 U.S.C. § 706(1).

89. Plaintiffs are entitled to relief under the APA in the form of an order compelling Defendants to timely adjudicate the pending EAD petitions also at issue in this lawsuit.

**COUNT THREE**
**(1st Violation of the Mandamus Act, 28 U.S.C. § 1361)**

90. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

91. Mandamus is proper only if: "(1) the Plaintiffs can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available." *See* 28 U.S.C. §1361; *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003).

92. Plaintiffs are squarely within the zone of interests protected by the Cuban Adjustment Act. They have a statutory right to apply for adjustment of status once they can establish *prima facie* eligibility for this immigration benefit. Once the Plaintiffs filed their petitions, they had a statutory right to have their petitions adjudicated by UCSIS in a reasonable period of time. 8 U.S.C. § 1157(c)(2); 8 C.F.R. § 207.7(a).

93. Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending CAA petitions. *See id.* Because Plaintiffs have a statutory right to apply to apply to adjust their immigration status pursuant to the CAA, 8 U.S.C. § 1255, Notes – "Cuban Refugees: Adjustment of Status", Defendant USCIS has a corresponding duty to adjudicate that petition. Federal agencies, including Defendants, are required to conclude matters presented to them within a "reasonable time". 5 U.S.C. § 555(b).

94.  There are no other adequate remedies available to Plaintiffs to obtain adjudication of their pending CAA petitions.

95.  Plaintiffs are entitled to relief, in the form of mandamus pursuant to 28 U.S.C. § 1361, to compel Defendants to timely process and adjudicate the CAA petitions.

**COUNT FOUR**
**(2nd Violation of the Mandamus Act, 28 U.S.C. § 1361)**

96.  Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

97.  Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending EAD petitions. *See id.* Because Plaintiffs have a statutory right to apply for employment authorization pending an adjudication on their applications to adjust status, the Defendant USCIS has a corresponding duty to adjudicate the Plaintiffs' pending EAD petitions. Federal agencies, including Defendants, are required to conclude matters presented to them within a "reasonable time". 5 U.S.C. § 555(b).

98.  There are no other adequate remedies available to Plaintiffs to obtain adjudication of their pending EAD petitions.

99.  Plaintiffs are entitled to relief, in the form of mandamus pursuant to 28 U.S.C. § 1361, to compel Defendants to timely process and adjudicate the Plaintiffs' pending EAD petitions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request this Court to:

(1)  Assume jurisdiction over this matter;

(2)  Declare that Defendants' delay in adjudicating the Plaintiffs' pending applications to adjust status, and for work permits, pursuant to the CAA is unreasonable under the APA, 5 U.S.C. § 706(1);

(3)  Order Defendants to adjudicate Plaintiffs' pending CAA petitions by a certain date to be set by the Court;

(4)  Order Defendants to adjudicate Plaintiffs' pending EAD petitions by a certain date to be set by the Court;

(5)  Issue a writ of mandamus directing Defendants to adjudicate Plaintiffs' CAA petitions by a certain date to be set by the Court;

(6)  Issue a writ of mandamus directing Defendants to adjudicate Plaintiffs' EAD petitions by a certain date to be set by the Court;

(7)  Award attorneys' fees and costs to counsel for Plaintiffs, pursuant to the Equal Access to Justice Act, see 28 U.S.C. § 2412(d), and on any other basis justified under law; and

(8)  Grant any further relief this Court deems just and proper.

Dated: April 27th, 2026

Respectfully submitted,

/s/ Ismael Labrador____
Ismael J. Labrador, Esq.

***Attorney for Plaintiff***
FL Bar No.: 1030508
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000