**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| Sidney FERNANDEZ RODRIGUEZ, *et al.,* | § § § § § § § § | Case No.: 7:26-CV-00177-DC |
| *Plaintiffs,* | § | |
| v. | § § § | |
| U.S. Citizenship and Immigration Services, *et al.,* | § § § | |
| | | *Defendants.*   § |

## <u>PLAINTIFFS' THIRD UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT</u>

Plaintiffs, by and through the undersigned, and pursuant to Fed. R. Civ. P. 15(a)(2), 15(d) and 20(a), respectfully move this Court for leave to amend and file a Third Amended Complaint, a copy of which is provided as *Exhibit A.* Pursuant to Local Rule CV-7(g), the undersigned counsel made a good faith effort to confer with counsel for Defendants, and the present motion is unopposed.

The proposed amended complaint makes the following targeted and narrow changes: (i) it incorporates 5 plaintiffs as parties to this lawsuit, for a total of 32 all of whom are noncitizens with ongoing harm that arises from the same transaction or occurrence as that alleged by the Plaintiffs in the Second Amended Complaint, namely, the Defendants' unreasonable delay in adjudication of pending applications for adjustment of status and work authorization pursuant to the Cuban Adjustment Act (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (1966) (codified as amended at 8 U.S.C. § 1255) note. The proposed Third Amended Complaint does not add any new causes of action, nor does it request additional forms of relief from this Court.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend once as a matter of course within 21 days after serving the pleading, or, if a responsive pleading is required, within 21 days after service of the responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). After that period, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Leave should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is denied only for a substantial reason, such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590-91 (5th Cir. 2016).

Here, Plaintiffs respectfully submit that none of the factors identified in *Foman* supports denial of this first motion for leave to amend. The litigation remains at a preliminary stage, as no scheduling order has been entered, no trial date has been set, and no discovery has occurred. Therefore, the amendment is timely and not the product of undue delay. Further, the proposed amendment is made in good faith and not for purposes of delay. The amendment will not prejudice Defendants because the additional plaintiffs proposed therein allege harm that arises from the same agency conduct by Defendant USCIS, and therefore the same transaction or occurrence. Additionally, a judicial determination as to any relief properly owed to the proposed new plaintiffs would rely on the same statutory framework at issue in this lawsuit, namely, the Administrative Procedure Act (APA), the Mandamus Act, and the Immigration and Nationality Act (INA), and no additional relief is requested from this Court beyond the relief sought in Plaintiffs' Second

Amended Complaint.

## II. ARGUMENT

### A. The Proposed New Plaintiffs Are Properly Joined Under Fed. R. Civ. P. 20(a)

The proposed amendment seeks to add 5 new plaintiffs who, like the existing 37 Plaintiffs, are suffering ongoing, irreparable harm arising from Defendants' unreasonable delay in adjudicating their Form I-485 and Form I-765 applications ("CAA and EAD petitions") pursuant to the Cuban Adjustment Act (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (1966). The proposed new plaintiffs also are subjected to the same adjudication hold policy by Defendant USCIS as of December 2, 2025 (and as represented in the challenged policies at issue in this lawsuit, namely, USCIS Policy Memoranda PM-602-0192 (Dec. 2, 2025), PM-602-0194 (Jan. 1, 2026), and PM-602- 0199 (May 21, 2026)).

Plaintiffs respectfully submit that the additional plaintiffs are properly joined. Fed. R. Civ. P. 21 authorizes the Court to add a party "at any time, on just terms." Additionally, Rule 20(a)(1) permits plaintiffs to join in one action if: (A) they assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (B) a question of law or fact common to all plaintiffs will arise. Here, both requirements are satisfied. Each proposed new plaintiff is alleging harm that arises out of the same transaction or occurrence because each proposed plaintiff: (i) is *prima facie* eligible for adjustment of status pursuant to the CAA; (ii) has filed bona fide CAA and/or EAD petitions with USCIS; (iii) has not received a decision on their pending applications with USCIS, despite complying with all requirements to establish statutory eligibility under the CAA. Where both prongs of Rule 20(a)(1) are satisfied, permissive joinder of the Plaintiffs is at the Plaintiffs' option. *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).

The proposed new plaintiffs, like the 37 Plaintiffs already in this lawsuit, suffer ongoing, irreparable harm, as they have been unable to renew employment authorizations, accept job opportunities, travel to visit ill family members, obtain driver's licenses, and achieve stability in their personal and professional lives due to the prolonged delay in adjudication. Many Plaintiffs have been unable to support themselves and their families through lawful, stable employment, while others remain unable to pursue careers consistent with their education, background, training, and experience. Critically for all Plaintiffs, the Defendants' unreasonable delay, coupled with their implementation of the policies challenged in this action mean that the Plaintiffs are subjected to an indefinite immigration limbo, whereby these individuals are *prima facie* eligible for legal resident status in the United States, but by virtue of the Defendants' intentional inaction, they are prevented from obtaining a legal immigration status, and instead, are exposed to an ever-increasing risk of detention and removal from the United States by Immigration and Customs Enforcement (ICE). This prolonged uncertainty is causing significant anxiety and disruption in Plaintiffs' daily lives. Plaintiffs respectfully submit that these shared underlying circumstances present common questions of law and fact that support joinder pursuant to Rule 20.

Joinder of these plaintiffs promotes judicial economy by allowing all related claims to be resolved in a single action, avoids duplicative litigation, and secures the just, speedy, and inexpensive determination of the action. Fed. R. Civ. P. 1.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant leave to amend and file the proposed Third Amended Complaint. The proposed amendment is timely, made in good faith, and adds five plaintiffs whose claims arise from the same agency action already at issue in this lawsuit.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for Plaintiffs conferred with counsel for Defendants on June 29, 2026, via email and telephone, regarding the relief requested in this Motion and Defendants are unopposed. The amendment does not assert new causes of action or seek additional forms of relief.

Dated: July 1st, 2026

Respectfully submitted,

*/s/ Ismael Labrador*                          */s/ Yesenia Alfonso*

_____                    _____
Ismael J. Labrador, Esq.                     Yesenia L. Alfonso, Esq.
*Attorney for Plaintiffs*                    *Pro Hac Vice Appearance for Plaintiffs*
FL Bar No.: 1030508                          N.Y. Bar No.: 6115208
Gallardo Law Offices, P.A.                   Gallardo Law Offices, P.A.
8492 SW 8th St                               8492 SW 8th St
Miami, FL 33144                              Miami, FL 33144
(305) 261-7000                               (305) 261-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **SECOND MOTION FOR LEAVE TO AMEND COMPLAINT** and any attached pages was served upon the following parties on this 1st day of July 2026 via <u>E-SERVICE (CM/ECF)</u>:

**USCIS – c/o Office of the Chief Counsel**
5900 Capital Gateway Drive,
Mail Stop 2120,
Camp Springs, MD 20588-0009

**Joseph B. Edlow – c/o Office of the Chief Counsel**
5900 Capital Gateway Drive,
Mail Stop 2120,
Camp Springs, MD 20588-0009

**U.S. Department of Homeland Security – c/o Office of the General Counsel**
2707 Martin Luther King Jr. Ave, SE
Mail Stop 0485
Washington, DC 20528-0485

**Markwayne Mullin – c/o Office of the General Counsel**
2707 Martin Luther King Jr. Ave, SE
Mail Stop 0485
Washington, DC 20528-0485

.

    Respectfully submitted,


*/s/ Ismael J. Labrador*

Ismael J. Labrador, Esq.
*Attorney for Plaintiffs*
FL Bar No.: 1030508
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000

*s/ Yesenia L. Alfonso*

Yesenia L. Alfonso, Esq.
*Pro Hac Vice for Plaintiffs*
Bar No. NY 6115208
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305)261-7000