**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **SIDNEY FERNANDEZ RODRIGUEZ,** *et al,* | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **MO:26-CV-00177-DC** |
| | § | |
| **USCIS, DIRECTOR JOSEPH EDLOW, DEPARTMENT OF HOMELAND SECURITY, MARKWAYNE MULLIN, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY,** | § | |
| **Defendants.** | § | |

**<u>ORDER</u>**

BEFORE THE COURT is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.[1] Plaintiffs are thirty-seven Cuban nationals who filed applications for adjustment of their legal status under the Cuban Adjustment Act of 1966 ("CAA") and for employment authorization. They sued Defendants to compel the agency to take action on their pending applications. The instant motion seeks a temporary restraining order and preliminary injunction wherein Defendants (1) are enjoined from imposing administrative hold policies on adjustment applications and (2) are compelled to process the Plaintiffs' applications.

Having reviewed the motion, the Court finds that Plaintiffs are unlikely to succeed on the merits of their claims. Therefore, the Court **DENIES** the Motion for Temporary Restraining Order and Preliminary Injunction.

---

[1] Doc. 18.

**FACTUAL BACKGROUND**

The USCIS is the federal agency with the jurisdiction "to adjudicate an application for adjustment of status filed by any alien"[2] and to process applications for employment authorization.[3] While approval of those applications is within the discretion of the agency, USCIS is required to notify an alien of any approval or denial.[4]

The CAA was passed to provide a pathway to legal residency for Cuban nationals satisfying specific requirements independent of the standard adjustment procedures mandated by the Immigration and Nationality Act.[5] Plaintiffs here are thirty-seven Cuban nationals who applied for an adjustment of their legal status under the CAA (Form I-485).[6] Contemporaneously, these individuals also filed Applications for Employment Authorization (Form I-765).[7] Those applications have been pending for varying lengths of time ranging from eight months to thirty months.[8]

Pointing to the delayed adjudication of the applications, Plaintiffs allege that Defendants violated the Administrative Procedures Act and Mandamus Act by failing to conduct a mandatory agency action within a reasonable time. Fearing detention by ICE and loss of work authorization, they bring the present motion for a temporary restraining order ("TRO") and preliminary injunction.

---

[2] 8 CFR § 245.2(a).
[3] 8 CFR § 274a.13(a)(1).
[4] 8 CFR § 274a.13(b), (c).
[5] *Dominguez v. Sessions*, 708 F. App'x 809, 809 n.1 (5th Cir. 2017).
[6] Doc. 1.
[7] *Id.*
[8] *Id.*

## **LEGAL STANDARD**

"A party seeking both a TRO and preliminary injunctive relief must satisfy the four-factor standard for obtaining a preliminary injunction."[9] That party must demonstrate "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that their substantial injury outweighed the threatened harm to the party whom they sought to enjoin, and (4) that granting the preliminary injunction would not disserve the public interest."[10] "[I]f a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction."[11]  The decision to grant a TRO or a preliminary injunction is within the sound discretion of the Court.[12]

## **ANALYSIS**

The APA mandates that "each agency shall proceed to conclude a matter presented to it" within a "reasonable time."[13] As such, a court may compel agency action which has been "unlawfully withhold or unreasonably delayed."[14] A claim under § 706(1) "can proceed only where a plaintiff asserts that an agency [1] failed to take a *discrete* agency action that [2] it is *required to take*."[15]  "A court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding

---

[9] *Garibay-Robledo v. Noem*, 810 F. Supp. 3d 787, 790 (N.D. Tex. 2025).

[10] *Planned Parenthood Ass'n of Hidalgo Cnty. Texas, Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012).

[11] *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

[12] *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

[13] 5 U.S.C. § 555(b).

[14] 5 U.S.C. § 706(1).

[15] *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64, 124 S. Ct. 2373, 2379 (2004) (alterations in original) (emphasis in original).

regulation."[16] A petitioner "who seeks relief for immigration delays under the Mandamus Act and the APA must make essentially the same showing for both claims."[17]

There is no question that the grant or denial of Plaintiffs' applications is a "discrete agency action.[18] Therefore, the Court is left with an identical issue to the one the Fifth Circuit addressed in *Li v. Jaddou*: "whether USCIS was 'required to take' action on the [applications] by the time the plaintiffs say it should have."[19]

Relying on the multi-factor test posited by *Telecommunications Research & Action Center v. F.C.C.* ("*TRAC*"), Plaintiffs argue that the current delays—ranging from eight to thirty months—is unreasonable.[20] They argue that these wait times go against the USCIS's published historic decision timetables, which report the median processing times for applications as being between five and ten months.[21] Furthermore, they argue that processing the "6 applications" will not disrupt any higher priorities of USCIS.[22] Finally, they argue that this case involves human welfare and the delays create substantial, ongoing harm in the form of lost wages, missed employment opportunities, continued risk of detention, and delayed family reunification.[23] These harms are allegedly aggravated by new USCIS

---

[16] *Fort Bend Cnty. v. United States Army Corps of Engineers*, 59 F.4th 180, 197 (5th Cir. 2023) (quotation removed).

[17] *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 829 (S.D. Tex. 2008).

[18] *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023).

[19] *Id.*

[20] Doc. 18-1.

[21] *Id.*; *See* U.S. Citizenship and Immigration Services, *Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms by Fiscal Year*, https://egov.uscis.gov/processing-times/historic-pt?__cf_chl_f_tk=sw_CWdsEAD4Q0uNJz.0ijDQJPq8MNd26wKVJlLwC270-1783022161-1.0.1.1-Gd43zj266g0kAxcn17N2uY3n0Oc_2lz8pRSeM2BLLFM (last visited July 2, 2026).

[22] *Id.*

[23] *Id.*

administrative hold policies that pause the agency's processing of adjustment applications. Plaintiffs ask the Court to set aside these policies as arbitrary and capricious and to compel Defendants to process the pending applications.[24]

As an initial matter, the motion lacks clarity as to whether some or all Plaintiffs are currently suffering the harm they argue justifies a TRO and preliminary injunction. At the beginning of the motion, they state that there are "37 Plaintiffs" in this case, all suffering from symptoms of the delayed adjudication.[25] Then, their factual and legal background section states that the administrative hold policies aggravate "the direct, ongoing harm suffered by the 153 Plaintiffs in this lawsuit."[26] When arguing that they have a substantial likelihood of success on the merits, the motion states that Plaintiffs are "6 Cuban nationals" and adjudicating "these 6 applications would not meaningfully interfere with any higher or competing agency priorities."[27] But then the motion reverts to referencing all 37 Plaintiffs when arguing that there is irreparable harm caused by the delays.[28] These inconsistencies obscure the nature and scope of the harm suffered and cast doubt as to whether the relief requested is even necessary.

Turning to the substance of the motion, the Court finds that USCIS is not required to act within a specific timeframe, making it unlikely that Plaintiffs will succeed on the merits of their claims. When Congress has not established a specific timeline within which an

---

[24] *Id.*
[25] *Id.* at 1.
[26] *Id.* at 3.
[27] *Id.* at 5–6.
[28] *Id.* at 11.

agency must perform, that performance must take place within a reasonable time.[29] In the context of I-485 forms, the Fifth Circuit made clear that Congress enacted "an aspirational goal" that applications for immigration benefits be processed within 180 days.[30] However, there is no clear mandate which requires USCIS to act within a certain time frame.[31] Applying *Li*, sister courts have dismissed cases where the plaintiffs' applications were pending longer than those in *Li*.[32] The Court sees no reason to depart from the rationale of these analogous cases. "Without a clear mandate, the Court has no jurisdiction over Plaintiffs' claims."[33] The fact that Plaintiffs here also filed I-765 forms does not change this analysis.[34]

Because the Court lacks jurisdiction over the claims, Plaintiffs do not have a substantial likelihood of success on the merits of their claims. Even if they could establish that USCIS owes them a clear duty to act within a certain time, mandamus relief is unavailable. It is only available if a plaintiff has no other available remedy.[35] However, the

---

[29] 5 U.S.C. § 555(b).

[30] *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023).

[31] *Id.* ("there is no clear mandate here such that we can say the USCIS was *required* to act within six months, or even within a year.").

[32] *Koppula v. Jaddou*, No. 1:22-CV-844-RP, 2023 WL 3470904, at *2 (W.D. Tex. May 15, 2023), *aff'd*, No. 23-50399, 2024 WL 3540463 (5th Cir. July 25, 2024) (dismissing plaintiffs' claims that USCIS unlawfully delayed adjudication on I-485 applications that were pending longer that those in *Li v. Jaddou* because there is no clear mandate that USCIS act within a certain time frame); *see also Gupta v. Jaddou*, No. 4:22-CV-00650, 2023 WL 4303604, at *4 (E.D. Tex. June 30, 2023), *aff'd*, No. 23-40424, 2024 WL 3540464 (5th Cir. July 25, 2024) (finding the same).

[33] *Koppula*, 2023 WL 3470904, at *2.

[34] *Cf. D'Cruz v. United States Citizenship & Immigr. Servs.*, No. CV H-24-340, 2024 WL 4523307, at 2–3 (S.D. Tex. Oct. 9, 2024).

[35] *See Cheney v. United States Dist. Ct. For Dist. of Columbia,* 542 U.S. 367, 380 ("[T]he party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires.").

APA provides a remedy for unlawfully delayed agency action, thus making mandamus unnecessary.[36]

The Court does not reach the other three factors of the TRO and preliminary injunction test. Plaintiffs must establish all four factors but since they cannot demonstrate a substantial likelihood of success on the merits the inquiry stops.

## CONCLUSION

For the aforementioned reasons, the Court finds that Plaintiffs have failed to establish that they are likely to succeed on the merits of their claims, a necessary element for TROs and preliminary injunctions. Therefore, the Court **DENIES** the Motion for Temporary Restraining Order and Preliminary Injunction.

It is so **ORDERED**.

SIGNED this 6th day of July, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[36] *See Sawan v. Chertoff, 589 F. Supp. 2d 817 (S.D. Tex. 2008); see also U.S. v. Denson,* 603 F.2d 1143, 1148 n. 2 (5th Cir.1979) ("It is fundamental that . . . a court will not issue a writ of mandamus unless no other remedy is available.").