**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| Sidney FERNANDEZ RODRIGUEZ, *et al.*, | § § § § | |
| *Plaintiffs,* | § | Case No: 7:26-cv-00177-DC-RCG |
| | § § | |
| v. | § § § | |
| Joseph B. EDLOW, in his official capacity as Director of the U.S. Citizenship and Immigration Services, | § § § § § | |
| U.S. Department of Homeland Security, | § § § | |
| Markwayne MULLIN, in his official capacity as U.S. Secretary of Homeland Security, | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION**
**FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 54(b), respectfully move this Court to reconsider its Order (ECF 20) issued on July 6, 2026, denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF 18, 18-1).

## I.    INTRODUCTION

Plaintiffs seek reconsideration of the Court's Order denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction based on the Court's analysis of the Plaintiffs' likelihood of success on the merits. Plaintiffs respectfully submit that their claims before the Court

present a narrow but important question. May USCIS indefinitely withhold adjudication of hundreds of congressionally authorized applications by characterizing its inaction as merely the "pace" of adjudication? To this end, Plaintiffs are not challenging merely the pace of adjudication relating to their pending Form I-485s and Form I-765s, pursuant to the Cuban Adjustment Act (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (1966) (codified as amended at 8 U.S.C. § 1255 note). Plaintiffs in this action challenge the cumulative effect of Defendants' unlawful policies and unreasonable delay as to their pending applications under the CAA. Here, the cumulative effect of the Defendants' unlawful actions is such that the Plaintiffs' pending petitions are effectively being categorically withheld from any final adjudication by USCIS and are instead subject to a prolonged suspension of final action by the agency as to the Plaintiffs' pending applications under the CAA.

Although this Court analyzed the Plaintiffs' Motion, and their likelihood of success on the merits, as it relates to  unreasonable delay claims brought under 5 U.S.C. §§ 555(b) and 706(1), Plaintiffs have also challenged the Defendants' Adjudication Hold Policy (via their Policy Memorandum (PM) 062-0192 and PM-062-0194) as final agency action that is arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A), as alleged in Count Five of the operative Second Amended Complaint. (ECF 15 ¶¶ 135-45). In its Order, the Court recognized that Plaintiffs sought both to set aside the Adjudication Hold Policy and to compel adjudication of their pending applications. However, the Court's analysis focused on whether Defendants were required to adjudicate Plaintiffs' applications within a specified period. Concluding that no clear mandate imposed such a requirement, the Court determined that it lacked jurisdiction over Plaintiffs' claims and therefore that Plaintiffs had not demonstrated a substantial likelihood of success on the merits. (ECF 20 at 6). Plaintiffs' position is that the Order did not separately analyze the arbitrary and capricious challenge to the Adjudication Hold Policy under § 706(2)(A).

2

Additionally, Plaintiffs correct the numerical inconsistencies identified in the Order.

## II.    PROCEDURAL BACKGROUND

On June 26, 2026, Plaintiffs filed their Motion for Temporary Restraining Order and Preliminary Injunction seeking, among other relief, to enjoin implementation of Defendants' Adjudication Hold Policy and to compel adjudication of Plaintiffs' pending applications. (ECF 18). In support, Plaintiffs filed a Memorandum of Law setting forth their arguments under 5 U.S.C. §§ 555(b), 706(1), and 706(2)(A). (ECF 18-1).

On July 6, 2026, the Court denied Plaintiffs' Motion after concluding that Plaintiffs had not demonstrated a likelihood of success on the merits. (ECF 20). Plaintiffs now seek reconsideration of the Court's Order under Rule 54(b).

## III.    LEGAL STANDARD

Rule 54(b) permits "reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision … [that] does not end the action.'" *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Motions for reconsideration under Rule 54(b) are governed by a less stringent standard than motions under Rule 59(e), which applies to final judgments. *Austin*, 864 F.3d at 336. Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id*. Accordingly, reconsideration is appropriate where the Court concludes that further consideration of an issue presented by the parties is warranted.

## IV.    ARGUMENT

**A.  The Court's Likelihood-of- Success Analysis Should Be Reconsidered**

In denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, the Court correctly recognized that Plaintiffs were required to establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighed any harm to Defendants; and (4) that the injunction would not disserve the public interest. (ECF 20 at 3). The Court concluded that Plaintiffs failed to establish the first element and, accordingly, denied the requested relief without reaching the remaining preliminary injunction factors. (ECF 20 at 6-7). Plaintiffs respectfully assert that reconsideration of the likelihood of success determination is warranted for the reasons set forth below.

The Court concluded that Plaintiffs were unlikely to succeed because neither the APA nor the INA imposes a mandatory duty requiring Defendants to adjudicate Plaintiffs' applications within a particular period. (ECF 20 at 4-6). The reasoning was based on cases addressing whether USCIS was required to adjudicate pending applications within a specified time. As discussed below, those cases arose in materially different factual and legal circumstances and did not analyze the separate challenge to the Adjudication Hold Policy as arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A). Plaintiffs further allege that the Adjudication Hold Policy categorically suspends adjudication of covered applications without individualized review. (ECF 15 ¶¶ 109-110, 142).

**B.   The Cases Relied Upon by the Court Address Only Plaintiffs' Unreasonable Delay Claim**

The Court relied on *Li*, *Koppula*, and *Gupta* in concluding that Plaintiffs failed to establish a likelihood of success on the merits (ECF 20 at 5-6). Plaintiffs' position is that those decisions addressed claims alleging unlawful withholding or unreasonable delay under 5 U.S.C. §§ 555(b)

and 706(1). The circumstances presented in those cases differ from those presented here, and Plaintiffs further contend that those decisions did not address Plaintiffs' separate challenge to Defendants' Adjudication Hold Policy under 5 U.S.C. § 706(2)(A).

In *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237 (5th Cir. May 12, 2023) (per curiam), the Fifth Circuit addressed whether USCIS had a mandatory duty to adjudicate the plaintiffs' applications within the time alleged. The Fifth Circuit concluded that no clear statutory mandate required adjudication within six months or within a year. *Id*. at *1. Plaintiffs contend that *Li* addressed the legal framework governing claims brought under 5 U.S.C. §§ 555(b) and 706(1). Here, Plaintiffs also challenge Defendants' Adjudication Hold Policy itself, alleging that the Policy constitutes final agency action reviewable under the APA and is arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A).

In *Koppula v. Jaddou*, No. 1:22-CV-844-RP, 2023 WL 3470904 (W.D. Tex. May 15, 2023), aff'd, No. 23-50399, 2024 WL 3540463 (5th Cir. July 25, 2024), the plaintiffs asked the court to compel USCIS to act under 5 U.S.C. §§ 706(1) and 555(b). *Koppula*, 2023 WL 3470904, at *1. The court concluded that there was "no clear mandate or binding regulation stating USCIS or DOS were required to act within the time frame at issue," and that "[w]ithout a clear mandate, the Court has no jurisdiction over Plaintiffs' claims." *Koppula*, 2023 WL 3470904, at *2.

On appeal, however, the Fifth Circuit affirmed on a different ground, concluding that *Cheejati v. Blinken*, 106 F.4th 388, 397 (5th Cir. 2024), revising 97 F.4th 988 (5th Cir. 2024), controlled the plaintiffs' challenge to the retrogression hold policies. 2024 WL 3540463, at *1.

Plaintiffs respectfully submit that *Cheejati* does not control Count Five. *Cheejati's* jurisdictional holding rests on a specific statutory chain. Section 1252(a)(2)(B)(ii) strips jurisdiction over "any other decision or action of the Attorney General or the Secretary of

Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). The *Cheejati* court located that authority in 8 U.S.C. § 1255(a), which provides that status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe." 106 F.4th at 391. The court held that the retrogression hold policies are "practical applications of the discretion afforded the Attorney General in § 1255(a)," and that, "[e]xercising his § 1255 authority, the Attorney General promulgated regulations … including the regulations Appellants challenge here, such as 8 C.F.R. § 245.2." Id. at 394-95.

Plaintiffs allege that the Adjudication Hold Policy does not arise from that authority. Plaintiffs allege that PM-602-0192 was issued to align with Executive Order 14161 and Presidential Proclamation 10949, and that it holds pending benefit requests based on an applicant's country of birth or citizenship rather than on the availability of an immigrant visa number. (ECF 15 ¶¶ 108-110). Plaintiffs further allege that adjustment under the Cuban Adjustment Act operates independently of the numerical visa preference system, and that eligible applicants need not wait for a visa number to become available. (ECF 15 ¶¶ 93-94). The retrogression framework on which *Cheejati* turned, including Final Action Dates, the Visa Bulletin, and regulations governing visa availability under § 1255(a), is not implicated by Plaintiffs' applications under the Cuban Adjustment Act.

*Cheejati* also arose under 5 U.S.C. § 706(1). The appellants there sought relief "under § 706(1) of the Administrative Procedure Act," 106 F.4th at 390, and asserted an "unlawful withholding" claim, id. at 396. The court's alternative merits holding addressed only whether the appellants had "identified [an] unequivocal mandate with which USCIS has failed to comply." Id. The opinion does not address whether an agency policy constitutes final agency action under 5

U.S.C. § 704, or the standard governing review under § 706(2)(A).

In *Gupta v. Jaddou*, No. 4:22-CV-00650, 2023 WL 4303604 (E.D. Tex. June 30, 2023), aff'd, No. 23-40424, 2024 WL 3540464 (5th Cir. July 25, 2024), the plaintiffs were Indian nationals seeking adjustment of status through employment-based visa petitions whose applications were held after visa numbers became unavailable due to retrogression. The plaintiffs asserted three causes of action under the APA: an unlawful withholding claim against USCIS, an unlawful withholding claim against the Department of State, and an unreasonable delay claim against USCIS. Gupta, 2023 WL 4303604, at *3. The court dismissed on the same basis as *Koppula. Id.* at *4. The Fifth Circuit likewise affirmed on *Cheejati* grounds. 2024 WL 3540464, at *1.

For the reasons stated above, Plaintiffs respectfully contend that Gupta likewise does not necessarily resolve the issues presented here. Like *Koppula*, *Gupta* addressed the retrogression hold policies considered in *Cheejati*. Plaintiffs' Count Five instead challenges Defendants' Adjudication Hold Policy under 5 U.S.C. § 706(2)(A).

### C.  Plaintiffs' § 706(2)(A) Claim Presents a Separate Basis for Relief

Count Five of Plaintiffs' Second Amended Complaint alleges that the Adjudication Hold Policy constitutes final agency action reviewable under 5 U.S.C. § 704 and challenges the Policy as arbitrary, capricious, and contrary to law under § 706(2)(A). The Order did not separately analyze that claim. The APA authorizes courts to "hold unlawful and set aside" agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). To be reviewable, the challenged action must constitute "final agency action." *Id.* § 704. For an agency action to be final, it "must mark the consummation of the agency's decision-making process" and "must not be of a merely tentative or interlocutory nature," and it

"must be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).

Count Five alleges that Defendants' Adjudication Hold Policy satisfies both requirements. On December 2, 2025, USCIS issued Policy Memorandum PM-602-0192, titled "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries." (ECF 15 ¶ 108). Effective immediately upon issuance, the memorandum imposed an agency-wide adjudication hold on all pending benefit requests filed by individuals identifying one of the nineteen countries listed in Presidential Proclamation 10949 as their country of birth or citizenship, including the Form I-485 applications at issue in this case. (ECF 15 ¶ 109). The hold applies without regard to when the applicant entered the United States, and the agency provided no projected timeline for lifting it. (ECF 15 ¶ 110).

Plaintiffs allege that the Policy imposes immediate, binding obligations on USCIS adjudicators and has direct legal consequences for affected applicants by indefinitely suspending adjudication of their pending benefit requests, and that it therefore marks the consummation of the agency's decision-making process on that subject and determines rights and obligations from which legal consequences flow. (ECF 15 ¶ 138). Although USCIS initially represented that the hold would be implemented for a temporary ninety-day period, that period should have lapsed by April 1, 2026, and the Policy remains in effect without further guidance as to when it will be lifted. (ECF 15 ¶¶ 139-40).

Plaintiffs respectfully submit that these allegations present a question the Order did not reach: whether the Adjudication Hold Policy constitutes final agency action reviewable under § 704, and, if so, whether its adoption satisfies the requirements of § 706(2)(A).

**D.  The Order Did Not Reach the Remaining Preliminary Injunction Factors**

Plaintiffs do not contend that the Court made an erroneous determination regarding irreparable harm, the balance of equities, or the public interest because the Court did not reach those factors. The Court recognized that a party seeking preliminary relief must satisfy all four requirements and that failure on any one of them requires denial. (ECF 20 at 3). Having concluded that Plaintiffs had not established a likelihood of success, the Court denied relief without reaching the remaining factors. (ECF 20 at 6-7). Plaintiffs respectfully request that, if the Court reconsiders that determination with respect to Count Five, the remaining preliminary injunction factors be evaluated in the first instance.

**E.  Clarification of the Number of Plaintiffs**

The Court observed that Plaintiffs' Memorandum referred inconsistently to "37 Plaintiffs," "153 Plaintiffs," and "6 Cuban nationals," and stated that these inconsistencies "obscure the nature and scope of the harm." (ECF 20 at 5.) Plaintiffs acknowledge those drafting errors and respectfully clarify that:

(1) The Motion for Temporary Restraining Order and Preliminary Injunction sought relief on behalf of thirty-seven Plaintiffs.

(2) the references in the memorandum to "153 Plaintiffs" and "6 Plaintiffs" were inadvertent drafting errors and should have stated "37 Plaintiffs."

(3) Paragraph 10 of the operative Second Amended Complaint refers to "38 Cuban nationals and citizens." That reference was likewise an inadvertent typographical error. The pleading identifies thirty-seven named Plaintiffs. (ECF 15 ¶¶ 1, 11-47, 88, 142).

Plaintiffs further acknowledge that ECF 19 contains a typographical error regarding the total number of Plaintiffs. The Proposed Third Amended Complaint attached to that motion

9

identifies the correct number of Plaintiffs. That pending motion does not affect the scope of the preliminary relief requested in the instant Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court reconsider its Order, issued on July 6, 2026, and upon reconsideration, Plaintiffs request that the Court:

(1) Vacate the Order to the extent it denies preliminary injunctive relief;

(2) Reconsider whether Plaintiffs have demonstrated a likelihood of success on the claim;

(3) Evaluate the remaining preliminary injunction factors in the first instance; and

(4) Alternatively, permit supplemental briefing and set an evidentiary hearing to determine whether injunctive relief is appropriate; and

(5) Grant any other relief deemed just and proper.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for Plaintiffs conferred with counsel for Defendants on July 31st, 2026, via email regarding the relief requested in this Motion, and Defendants are unopposed to the relief sought.

Dated: July 31 , 2026

Respectfully submitted,

*/s/ Ismael J. Labrador*

Ismael J. Labrador, Esq.
*Attorney for Plaintiffs*
FL Bar No.: 1030508
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000

*s/ Yesenia L. Alfonso*

Yesenia L. Alfonso, Esq.
*Pro Hac Vice for Plaintiffs*
Bar No. NY 6115208
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305)261-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION FOR RECONSIDERATION** and any attached pages was served upon the following parties on this 31 day of July 2026 via E-SERVICE (CM/ECF):

**USCIS – c/o Office of the Chief Counsel**
5900 Capital Gateway Drive,
Mail Stop 2120,
Camp Springs, MD 20588-0009

**Joseph B. Edlow – c/o Office of the Chief Counsel**
5900 Capital Gateway Drive,
Mail Stop 2120,
Camp Springs, MD 20588-0009

**U.S. Department of Homeland Security – c/o Office of the General Counsel**
2707 Martin Luther King Jr. Ave, SE
Mail Stop 0485
Washington, DC 20528-0485

**Markwayne Mullin – c/o Office of the General Counsel**
2707 Martin Luther King Jr. Ave, SE
Mail Stop 0485
Washington, DC 20528-0485
.

Respectfully submitted,


*/s/ Ismael J. Labrador*

Ismael J. Labrador, Esq.
*Attorney for Plaintiffs*
FL Bar No.: 1030508
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000

*s/ Yesenia L. Alfonso*

Yesenia L. Alfonso, Esq.
*Pro Hac Vice for Plaintiffs*
Bar No. NY 6115208
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305)261-7000

11