**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **SIDNEY FERNANDEZ RODRIGUEZ, et al.,** *Plaintiffs,* | § | |
| **v.** | § | **MO:26-CV-00177-DC** |
| **USCIS, et al.,** *Defendants.* | § | |

**ORDER DENYING RECONSIDERATION**

Pending before the Court is Plaintiffs' Motion for Reconsideration of Order Denying Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion").[1] Having considered the Motion, the record, and the applicable law, the Court finds that the Motion should be **DENIED**.

**BACKGROUND**

Plaintiffs are a group of Cuban nationals currently ensnared in this Nation's immigration-law obstacle course. In grappling with such, they sued, generally, to compel review of their pending applications. On July 26, 2026, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion"), specifically asking the Court to enjoin Defendants from executing administrative hold policies and to compel processing of Plaintiffs' applications. Finding that Plaintiffs were unlikely to succeed on the merits, the Court denied the request. However, as noted by Plaintiffs, the previous Order omitted a merits-analysis of Count V—that the Adjudication Hold Policy, which constitutes a final agency action reviewable under 5 U.S.C. § 704, is arbitrary, capricious, and

[1] Doc. 25.

contrary to law under § 706(2)(A).[2] As such, Plaintiffs seek reconsideration of the TRO Motion.[3] However, because these orphaned claims appear to be moot, as further discussed below, reconsideration is not necessary.

## LEGAL STANDARD

Under Rule 54, the Court may reconsider an interlocutory order and revise any other order or decision that does not end the action.[4] In doing so, the Court may scrutinize its own performance "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[5]

## DISCUSSION

To obtain the requested injunctive relief, Plaintiffs were required to demonstrate, among other things, "a substantial likelihood of success on the merits."[6] Previously, the Court found this factor lacking. In few words, it concluded that, because the Administrative Procedure Act and Immigration and Nationality Act do not implement a mandatory temporal component on the review of applications, Plaintiffs' challenges under the same—that their own applications' review had surpassed reason—were unlikely to succeed.

[2] Doc. 25 at 7–8; *see* Doc. 15 at 44.

[3] Doc. 18.

[4] *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020) (citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)); *see* Fed. R. Civ. P. 54(b).

[5] *Six Dimensions*, 969 F.3d at 227.

[6] Plaintiffs must, in total, demonstrate: (1) a substantial likelihood on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that their substantial injury outweighed the threatened harm to the party whom they sought to enjoin; and (4) that granting the preliminary injunction would not disserve the public interest. *Planned Parenthood Ass'n of Hidalgo Cnty., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)). Plaintiffs may not fall short on any of the factors. *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2024).

Plaintiffs recognize that this analysis did not encompass their separate challenge to the holding policies referenced in the TRO Motion and Second Amended Complaint. Count V specifically took issue with select policy memoranda issued by USCIS. But those policies—or at least the ones at issue here—are no longer.

The Court is only permitted to adjudicate "live disputes" which exist when parties maintain a legally cognizable interest in the outcome.[7] When they do not, the case or claim has become moot.[8] This may be the scenario where a rule or regulation is revised or replaced by the government, thereby removing the "complained-of-defect."[9]

Here, Plaintiffs take issue with internal USCIS mandates: PM-602-0192 and PM-602-0194 (collectively, the "Adjudication Hold Policy").[10] On December 2, 2025, USCIS issued Policy Memorandum PM-602-0192 and, a month later, on January 1, 2026, released Policy

---

[7] *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023) (first citing *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th Cir. 2020); and then citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

[8] *Id.*

[9] *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017). "At that point, there is no longer an ongoing controversy: the source of the plaintiff's prospective injury has been removed, and there is no 'effectual relief whatever' that the court can order" *Id.* (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

[10] In the TRO Motion and Second Amended Complaint, which was the live pleading during the Court's prior review, Plaintiffs also mention the recently published PM-602-1099 ("Adjustment of Status is a Matter of Discretion and Administrative Grace, and an Extraordinary Relief that Permits Applicants to Dispense with the Ordinary Consular Visa Process"). (Docs. 18-1 at 2; 15 at 34). But this Policy Memoranda is not a new mandate as contemplated by the Adjudication Hold Policy. Rather, it is informative in nature, reminding USCIS personnel of the discretionary scope of their adjudicative decisions. And Plaintiffs' filings seem to reflect as much as they do not attach any real analysis to PM-602-1099 or explain how it is to hinder the review of their pending applications in the manner that the Adjudication Hold Policy does, nor do they include it in the Motion.

Memorandum PM-602-0194.[11] Generally, the Adjudication Hold Policy mapped out a bevy of new limitations for the processing of applications, including re-review of previously approved benefits ("Comprehensive Re-Review Policy"), a pause on asylum applications ("Asylum Hold Policy"), consideration of country-specific information in discretionary benefit requests ("Country-Specific Factors Policy"), and, relevant here, a pause on adjudication of pending benefits requests made by individuals from certain countries ("Benefits Hold Policy").

On June 5, 2026, in answering a similar challenge, the District of Rhode Island found the policies unlawful and vacated and set aside the Global Asylum Hold Policy, the Benefits Hold Policy, the Comprehensive Re-Review Policy, and the Country-Specific Factors Policy.[12]

In response to this judgment, USCIS circulated a command to abide by the order and treat PM-602-0192 and PM 602-0194 "as if they are not in effect."[13] The Government subsequently sought a stay order pending appeal, which was denied.[14] The First Circuit likewise denied the stay to all except the Comprehensive Re-Review Policy.[15] And the notion that these policies are impermissible was further compounded by a California district court

---

[11] *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242, 268–69 (D.R.I. 2026).

[12] *Dorcas Int'l Inst. of Rhode Island,* 834 F. Supp. 3d at 328.

[13] U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *Court Order on Hold Policies*, https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies (released on June 12, 2026).

[14] *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship and Immigr. Servs.*, No. 26-CV-132-JJM-PAS, 2026 WL 2042424, at *12 (D.R.I. July 15, 2026).

[15] *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship and Immigr. Servs.*, No. 26-1703, 2026 WL 236384, at *1 (1st Cir. Aug. 14, 2026).

on August 24, 2026.[16] USCIS again responded with an internal alert, reaffirming that it would abide by the order.[17] Thus, it appears the Benefits Hold Policy is no longer a threat and the challenge to its validity under the APA is moot.[18]

Similarly, while mootness is a jurisdictional doctrine, the same logic could be applied to undermine the substantive request for TRO/Preliminary Injunction as Plaintiffs are unable to show they are subject to irreparable harm where the damaging policies no longer exist.

So, the unaddressed issues in Count V appear to be moot. And this Order does not dispose of the case, but a preliminary injunction is an "extraordinary remedy" which the Court may not grant unless Plaintiffs have "clearly carried the burden of persuasion on all four requirements."[19] The Court believes its prior ruling may remain undisturbed.

---

[16] Relying on the *Dorcas* court's analysis, the Northern District of California found the challenged policies unlawful and ordered the defendants to adjudicate the plaintiffs' pending applications. *Red Eagle Law, L.C. v. Edlow*, No. 26-CV-04850-CRB, 2026 WL 2476424, at *6 (N.D. Cal. Aug. 24, 2026).

[17] U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *Recent Court Order on Hold Policies*, https://www.uscis.gov/newsroom/alerts/recent-court-order-on-hold-policies (released on August 28, 2026).

[18] The Fifth Circuit recognizes vacatur as an appropriate remedy for unlawful agency action. *Tex. Med. Ass'n v. United States Dep. of Health and Human Servs.*, No. 23-40605, 2026 WL 2322331, at *8 (5th Cir. Aug. 11, 2026).

[19] *Planned Parenthood Ass'n of Hidalgo Cnty., Inc.*, 692 F.3d at 348.

## CONCLUSION

Accordingly, it is **ORDERED** that the Motion[20] be **DENIED**.

It is so **ORDERED**.

SIGNED this 20th day of September, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

[20] Doc. 25.