**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| Sidney FERNANDEZ RODRIGUEZ, *et al.* *Plaintiffs,* | § | Case No.: 7:26-cv-00177-DC |
| v. | § | |
| U.S. Citizenship and Immigration Services, *et al.,* *Defendants.* | § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (ECF NO. 26)**

## I. BACKGROUND

Plaintiffs respectfully oppose Defendants' Motion to Dismiss the Third Amended Complaint ("TAC") (ECF No. 26). Defendants' motion rests primarily on the Court's Order, issued on July 6, 2026, denying preliminary injunctive relief and a temporary restraining order (ECF No. 20); however, the procedural posture before this Court on Defendants' Motion is materially different. The prior Order decided whether Plaintiffs had established the extraordinary remedy of preliminary injunctive relief. It did not enter a final judgment dismissing the action. The Court expressly framed its conclusion in likelihood-of-success terms. ECF No. 20 at 1, 7.

The TAC alleges that Plaintiffs are 42 Cuban nationals and citizens who filed Forms I-485 under the Cuban Adjustment Act (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (1966) (codified as amended at 8 U.S.C. § 1255 note), and that many also filed Forms I-765, with applications pending for individualized periods. TAC ¶¶ 1-4, 11-52, 64-75. Plaintiffs do not ask the Court to grant

adjustment, dictate the substantive outcome of any application, or convert USCIS's processing estimates into mandatory deadlines. They seek completion of discrete adjudications that remain pending and as pleaded in Count V, review of the Benefits Hold Policy under § 706(2)(A). TAC ¶¶ 116-50; Prayer for Relief. However, Plaintiffs acknowledge that, since the filing of the TAC, the Benefits Hold Policy, as memorialized in PM-602-0192 and PM-602-0194, was vacated by the District Court for the District of Rhode Island in *Dorcas Int'l Inst. of R.I. v. USCIS,* No. 1:26-cv-00132-JJM-PAS, 2026 WL 1599500 (D.R.I. June 5, 2026). Defendants are currently challenging the vacatur of the Benefits Hold Policy before the First Circuit Court of Appeals.

Defendants make four principal arguments: (1) Counts I and II fail because no statute or regulation imposes a date-certain adjudication deadline; (2) Counts III and IV fail for substantially the same reason and because the APA supplies an alternative remedy; (3) Count V is moot after *Dorcas* and a subsequent decision in *Red Eagle Law*; and (4) the TAC improperly pleads collectively against USCIS, DHS, Director Edlow, and Secretary Mullin. ECF No. 26 at 8-20. The Court should address each theory according to the particular count and relief requested rather than dismissing the TAC wholesale.

## II. LEGAL STANDARD

The party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). In resolving a Rule 12(b)(1) motion, the Court may consider the complaint, undisputed facts, and, where appropriate, disputed jurisdictional facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). A Rule 12(b)(6) motion, by contrast, tests whether the well-pleaded allegations plausibly state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal-question jurisdiction exists under 28 U.S.C. § 1331. Although the APA does not independently confer jurisdiction, *Califano v. Sanders*, 430 U.S. 99, 105 (1977), § 702 waives sovereign immunity for reviewable agency action, and § 706(1) authorizes a court to compel agency action unlawfully withheld or unreasonably delayed when the plaintiff identifies discrete agency action the agency is legally required to take. *Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 62-64 (2004). Section 555(b) separately directs that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

## III. ARGUMENT

### A. The Prior Order Denying Preliminary Relief Does Not Itself Require Dismissal of the TAC

Defendants repeatedly characterize the Court's previous Order on preliminary injunctive relief as having already resolved the dispositive legal premise of Counts I-IV. ECF No. 26 at 2, 6, 10, 15. The Order deserves substantial attention, but its holding should be read in its actual procedural context. The Court stated that Plaintiffs were "unlikely to succeed on the merits," concluded they had not established a "substantial likelihood of success," and denied a TRO and preliminary injunction without reaching the remaining preliminary-injunction factors. ECF No. 20 at 1, 6-7. That is not the same procedural determination as dismissal of the operative complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, or under Rule 12(b)(6) for failure to state a claim.

The TAC also postdates the allegations and plaintiff-specific inconsistencies that concerned the Court at the preliminary-injunction stage. The Order noted conflicting references to 37, 153, and 6 plaintiffs and explained that those inconsistencies obscured the scope of the requested

emergency relief. ECF No. 20 at 5. The TAC now identifies 42 Plaintiffs individually, TAC ¶¶ 11-52, and Defendants themselves acknowledge that number. ECF No. 26 at 1 n.2.

Plaintiffs do not suggest that the Court's prior legal analysis holds no weight because it arose at the preliminary-injunction stage. The Court expressly concluded that Plaintiffs had not identified the clear mandate required by *Norton, supra,* and *Li v. Jaddou,* No. 22-50756, 2023 WL 3431237 (5th Cir. May 12, 2023). Plaintiffs respectfully submit, however, that the Rule 12 motion requires consideration of the allegations actually contained in the operative TAC and permits Plaintiffs to explain why the individualized delays and CAA claims alleged there are materially distinguishable from the circumstances addressed in *Li*, *supra, Koppula v. Jaddou,* No. 1:22-cv-844-RP, 2023 WL 3470904, at *2 (W.D. Tex. May 15, 2023) and *Cheejati v. Blinken,* 106 F.4th 388 (5th Cir. 2024). Accordingly, the Court should decide Defendants' Motion to Dismiss based on the TAC and the Rule 12 standards, while treating the preliminary-injunction Order as persuasive guidance rather than as a final merits judgment.

**B. Counts I and II Plead a Failure to Adjudicate as a Discrete Action that USCIS Is Legally Required to Take**

Defendants are correct that *Norton* requires a discrete action that the agency is legally required to take. *Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 63-64 (2004). The discrete action identified here is final adjudication of each pending Form I-485 and, where applicable, Form I-765. The Court's prior Order itself recognized that "[t]here is no question that the grant or denial of Plaintiffs' applications is a 'discrete agency action.'" ECF No. 20 at 4. The present dispute therefore concerns the second Norton requirement and the effect of § 555(b)'s command that agencies conclude matters presented to them "within a reasonable time."

Plaintiffs do not contend that the CAA or the employment-authorization regulations require adjudication in 30 days, 60 days, 180 days, or within USCIS's published median processing timelines. Nor should the TAC be construed to require the Court to select a universal adjudication timetable. The prayer asks for adjudication "by a certain date to be set by the Court," but that requested remedy follows a pleaded violation of the APA's reasonable-time command; it is not the source of the asserted duty. TAC Prayer of Relief at ¶¶ 5-8. At minimum, if the Court views that wording as broader than the relief § 706(1) permits, the appropriate course is to limit the remedy or permit amendment—not to treat the remedial request as eliminating the underlying allegation of continuing agency inaction.

Defendants rely heavily on *Li v. Jaddou,* No. 22-50756, 2023 WL 3431237 (5th Cir. May 12, 2023), and the Court relied on Li at the preliminary-injunction stage. ECF No. 20 at 6. Li held that applicants whose I-485s had been pending just under twelve months failed to state a plausible unreasonable-delay claim because neither § 1571(b)'s aspirational 180-day goal nor another source established that USCIS was required to act within six months or one year. *Li*, 2023 WL 3431237, at *1. Importantly, *Li* affirmed dismissal "without prejudice to renewal," underscoring that the court did not announce that a Form I-485 delay can never become actionable regardless of duration or circumstances. *Id*. Plaintiffs' TAC alleges individualized delays, some materially longer than the period addressed in *Li*, and alleges an extraordinary intervening agency-wide hold that contributed to the delays. TAC ¶¶ 11-52, 77-81.

Defendants rely principally on *Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024). In *Cheejati*, employment-based adjustment applicants challenged DOS and USCIS policies that held applications in abeyance after visa numbers became unavailable through retrogression. The Fifth Circuit held that 8 U.S.C. § 1252(a)(2)(B)(ii) barred review of the challenged retrogression hold

policies because those actions were undertaken pursuant to discretion expressly conferred by 8 U.S.C. § 1255(a). *Id.* at 394–97. The court also concluded that the plaintiffs had not identified an "unequivocal mandate" requiring USCIS to adjudicate their applications differently while visa numbers were unavailable. *Id.* at 396.

The Fifth Circuit subsequently affirmed the Eastern District of Texas's dismissal in *Gupta v. Jaddou*, No. 23-40424, 2024 WL 3595512 (5th Cir. July 25, 2024) (per curiam) (unpublished), because *Cheejati* controlled the *Guptas*' materially similar challenge to employment-based visa retrogression. *Gupta* confirms the force of *Cheejati* in that specific context. However, it does not expand *Cheejati* beyond the discretionary retrogression policy addressed in that decision.

This case is different in two material respects. First, Plaintiffs' Form I-485s proceed under the CAA, not the employment-based visa-allocation framework at issue in *Cheejati*. Plaintiffs' applications are not alleged to be awaiting the future availability of a numerical visa under the Visa Bulletin. Second, Plaintiffs do not challenge an agency determination that a statutory prerequisite is presently unavailable or demand that USCIS disregard such a prerequisite. They allege continuing non-adjudication of applications that are otherwise before USCIS for decision. The Court therefore need not second-guess the discretionary policy choice sustained in *Cheejati* in order to consider whether § 555(b) and § 706(1) permit review of the distinct failure to conclude these matters.

Defendants characterize *Cheejati* as establishing that the absence of a fixed adjudication deadline necessarily defeats any § 706(1) claim. Plaintiffs respectfully submit that this reads *Cheejati* too broadly. The absence of a fixed numerical deadline is relevant, but § 555(b) itself uses a reasonableness standard rather than a specified number of days. Plaintiffs do not ask the Court to transform USCIS's processing estimates into a binding deadline. They ask the Court to

determine whether the particular continuing delay alleged here is reviewable under the APA's express reasonable-time command, outside the retrogression setting addressed in *Cheejati*.

**C. Section 701(a)(2) Does Not Require Dismissal Merely Because the Ultimate Adjustment Decision Is Discretionary**

Defendants separately argue that judicial review is unavailable because the pace of adjudication is committed to agency discretion by law. ECF No. 26 at 13-14. Plaintiffs do not challenge the agency's substantive discretion to grant or deny adjustment. The requested judicial act is an order requiring USCIS to bring pending matters to a conclusion, leaving the outcome to USCIS. That distinction between discretion over the result and an asserted duty to decide is central to the TAC.

Nor does review necessarily require the Court to invent a substantive eligibility standard. The APA itself supplies the "reasonable time" language in § 555(b). USCIS's historical processing information is pleaded only as context relevant to whether the delays alleged are ordinary or extraordinary, not as a binding source of law. TAC ¶¶ 70-76. Accordingly, Plaintiffs do not ask the Court to transform agency estimates into enforceable deadlines.

**D. The *TRAC* Factors Are Non-Binding and Persuasive Authority that Serve as a Useful Framework for Assessing Whether Agency Action is Unreasonably Delayed**

Plaintiffs do not contend that the factors identified in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), independently create jurisdiction or satisfy the requirement under *Norton* that the agency action sought be legally required. Plaintiffs acknowledge that the Fifth Circuit has expressly noted that it has "never adopted" the *TRAC* multi-factor test. *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 n.2 (5th Cir. May 12, 2023).

Therefore, Plaintiffs' request that this Court consider the *TRAC* is necessarily secondary to the threshold determination on jurisdiction addressed above, namely, whether §§ 555(b) and 706(1), considered in the context of the particular applications and circumstances alleged here, permit judicial review of USCIS's continuing failure to adjudicate the petitions that are pending before the agency. However, at that stage, the *TRAC* factors may provide a useful analytical framework for evaluating reasonableness, even though they do not themselves create the underlying duty to act.

This Court has likewise previously recognized that when a regulation is silent concerning the timetable by which an agency must complete an action, courts generally assess whether an agency's failure to act constitutes an undue delay by considering the *TRAC* factors. *See Pacheco v. Noem,* No.: 5:25-cv-01856-MA, 2026 U.S. Dist. LEXIS 35684, at *8 (W.D. Tx. Feb. 11, 2026). *Pacheco* therefore supports Plaintiffs' position that the absence of a specific adjudication deadline does not necessarily resolve the distinct question whether an otherwise reviewable delay has become unreasonable. Plaintiffs do not rely on *TRAC* to supply the underlying duty required by *Norton*; rather, Plaintiffs rely on §§ 555(b) and 706(1) for that threshold proposition and invoke *TRAC* only as a framework for evaluating reasonableness if the Court determines that the alleged agency inaction is reviewable.

**E. Counts III and IV Are Pleaded in the Alternative and Any Duplication with the APA Does Not Require Dismissal of the Entire Action**

Defendants argue that mandamus fails because there is no clear duty to adjudicate by a particular date and because the APA is an adequate alternative remedy. ECF No. 26 at 14-15. Plaintiffs agree that mandamus is extraordinary and that the APA and mandamus theories substantially overlap in unreasonable-delay cases. *See Wolcott v. Sebelius,* 635 F.3d 757, 768 (5th

Cir. 2011); *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 822, 826 (S.D. Tex. 2008). Counts III and IV are pleaded as alternative avenues for an order requiring adjudication, not as a mechanism for controlling the merits of USCIS's decisions. If the Court concludes that the APA provides an adequate remedial avenue, it may dismiss or deem unnecessary the alternative mandamus counts without dismissing Plaintiffs' viable APA claims. Conversely, if the Court concludes that the APA claim fails because no enforceable duty exists, the mandamus counts would likely fail for the same reason. Either way, the alternative pleading does not provide a basis to dismiss the TAC wholesale.

**F. Count V Should Be Distinguished from the Still-Live § 706(1) Claims; Alternatively, Any Moot Policy-Specific Relief Can Be Dismissed Without Dismissing Counts I-IV**

Defendants' mootness argument is directed to Count V's challenge to the Benefits Hold Policy, memorialized in PM-602-0192 and extended by PM-602-0194. ECF No. 26 at 15-19. Defendants represent that *Dorcas* vacated the Benefits Hold Policy, that the First Circuit did not stay that portion of the judgment, and that the class action relief in *Red Eagle Law, L.C. v. Edlow* (Case No. 3: 26-cv-04850, N.D. Cal., Aug. 24, 2026) separately enjoined the Benefits Hold Policy and required USCIS to resume ordinary processing of petitions presented before the agency. *Id*. at 16-18. Those developments are material to the prospective declaratory and injunctive relief sought specifically against that policy.

But even if the Court concludes that Count V is moot because the Benefits Hold Policy is no longer operative, that conclusion does not moot the Plaintiffs' separate unreasonable-delay claims under the APA concerning their Form I-485 and Form I-765 applications that remain pending. Defendants themselves acknowledge that adjudication of an individual application moots the delay claim as to that application, ECF No. 26 at 3 n.4, which necessarily distinguishes

application-specific delay claims from the policy-specific challenge. The Court therefore should analyze mootness plaintiff by plaintiff and count by count. Applications that have been finally adjudicated since the commencement of this lawsuit may no longer support an adjudication-delay claim; applications that remain pending present a different controversy.

Plaintiffs also do not need to transform Count V into a challenge to the Comprehensive Re-Review Policy or another directive not alleged to be applied to them. Defendants argue that no Plaintiff alleges a previously approved benefit presently undergoing comprehensive re-review. ECF No. 26 at 18. Plaintiffs need not rely on that policy to preserve Counts I-IV. If the Court determines that Count V's requested prospective relief has been fully supplied by intervening judgments, Count V can be dismissed as moot without adjudicating the live application-specific claims on that basis.

**G. The TAC Provides Fair Notice of the Agency Conduct at Issue and Any Defendant-Specific Pleading Defect Is Curable and Does Not Justify Dismissal With Prejudice**

Defendants finally argue that the TAC impermissibly groups Defendants USCIS, DHS, Director Edlow, and Secretary Mullin in the Plaintiffs' pleading, and that the official-capacity defendants are duplicative of the agencies. ECF No. 26 at 19-20. This is a pleading issue distinct from whether the challenged agency conduct is reviewable. The TAC identifies USCIS as the agency responsible for adjudicating the benefit applications and repeatedly attributes the challenged processing and policy conduct to USCIS. TAC ¶¶ 57-115. The named officials are sued only in their official capacities, and the relief sought is prospective relief concerning agency action.

*Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023), and *Owens v. Jastrow*, 789 F.3d 529 (5th Cir. 2015), address complaints that failed to give defendants fair notice of which defendant

committed which actionable conduct. Here, Plaintiffs have previously alleged the conduct being challenged in this lawsuit, including USCIS's non-adjudication of identified applications and USCIS's challenged Benefits Hold Policy. To the extent the Court concludes that DHS or either official-capacity Defendant is redundant or insufficiently tied to a particular count, Plaintiffs respectfully submit that the appropriate remedy is either leave to amend the count-specific allegations or dismissal of the redundant party. However, this should not result in the dismissal of otherwise adequately identified claims against USCIS.

Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." If the Court identifies a curable defect concerning party-specific allegations, the precise relief requested, or the continued viability of Count V after Dorcas and Red Eagle, Plaintiffs respectfully request leave to conform the pleading to the Court's ruling rather than dismissal with prejudice.

**H. Defendants' Motion to Dismiss under Rule 12(b)(6) in the Alternative Does Not Supply an Independent Basis to Dismiss Plaintiffs' Live and Justiciable Claims Merely Because Preliminary Relief Was Denied**

Defendants also invoke Rule 12(b)(6). ECF No. 26 at 3, 8. The TAC alleges the filing dates and pendency of each Plaintiff's applications, the agency responsible for adjudication, the historical processing context, the asserted impact of the Benefits Hold Policy, and the specific statutory theories under §§ 555(b), 706(1), and 706(2)(A). TAC ¶¶ 11-52, 57-115, 116-50. For purposes of Defendants' Rule 12(b)(6) alternative, those well-pleaded factual allegations must be accepted as true and reasonable inferences drawn in Plaintiffs' favor.

This Court's Order on Plaintiffs' request for preliminary injunctive relief did not determine that the TAC's factual allegations were implausible under *Twombly* and *Iqbal*; rather, the Court found

that Plaintiffs had not carried the higher, affirmative burden necessary to obtain emergency injunctive relief. ECF No. 20 at 1, 7. Accordingly, Rule 12(b)(6) should be evaluated independently against the operative TAC.

## IV. CONCLUSION

Defendants' Motion to Dismiss should be denied as to Plaintiffs whose Form I-485 and Form I-765 applications remain pending (and as to the corresponding APA unreasonable-delay claims). The Court's previous Order, on July 6, 2026, denied extraordinary preliminary relief based on the record and showing then before it; it did not enter final judgment on the TAC. Plaintiffs identify discrete pending adjudications and seek decisions, not approvals, while relying on § 555(b)'s reasonable-time command rather than USCIS processing estimates as the source of the asserted timing obligation.

If the Court concludes that Count V has become moot because intervening judgments have vacated and enjoined the Benefits Hold Policy, Plaintiffs respectfully submit that Count V may be disposed of separately without extinguishing the live § 706(1) claims concerning still-pending applications. Likewise, if the Court finds the mandamus counts duplicative, or determines that the allegations against certain Defendants in their official capacity may be redundant, those issues can be resolved narrowly. Plaintiffs finally submit that any curable pleading deficiency should result in leave to amend rather than dismissal with prejudice.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Deny Defendants' Motion to Dismiss as to Plaintiffs' live APA unreasonable-delay claims concerning the Form I-485 and Form I-765 applications that remain pending;

(2) Address any mootness arising from adjudicated applications or the vacated Benefits Hold Policy on a claim-specific basis;

(3) Retain jurisdiction over any otherwise viable claims;

(4) Alternatively, grant Plaintiffs leave to amend pursuant to Fed. R. Civ. P. 15(a)(2); and

(5) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

***/s/ Ismael J. Labrador***

Ismael J. Labrador, Esq.
*Attorney for Plaintiffs*
FL Bar No.: 1030508
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000

***s/ Yesenia L. Alfonso***

Yesenia L. Alfonso, Esq.
*Pro Hac Vice for Plaintiffs*
Bar No. NY 6115208
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305)261-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** and any attached pages was served upon the following parties on this 25th day of September 2026 via E-SERVICE (CM/ECF):

**USCIS – c/o Office of the Chief Counsel**
5900 Capital Gateway Drive, Mail Stop 2120,
Camp Springs, MD 20588-0009

**Joseph B. Edlow – c/o Office of the Chief Counsel**
5900 Capital Gateway Drive, Mail Stop 2120,
Camp Springs, MD 20588-0009

**U.S. Department of Homeland Security – c/o Office of the General Counsel**
2707 Martin Luther King Jr. Ave, SE Mail Stop 0485
Washington, DC 20528-0485

**Markwayne Mullin – c/o Office of the General Counsel**
2707 Martin Luther King Jr. Ave, SE Mail Stop 0485
Washington, DC 20528-0485

Respectfully submitted,

***/s/ Ismael J. Labrador***

Ismael J. Labrador, Esq.
*Attorney for Plaintiffs*
FL Bar No.: 1030508
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000

***s/ Yesenia L. Alfonso***

Yesenia L. Alfonso, Esq.
*Pro Hac Vice for Plaintiffs*
Bar No. NY 6115208
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305)261-7000